**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | | |
|---|---|---|
| BADRAN HAMMAD, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 8:21-cv-2297-VMC-CPT |
| | ) | |
| v. | ) | District Judge Covington |
| | ) | Magistrate Judge Tuite |
| FEDEX CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MOTION TO DISMISS**

**I.    Relief Requested**

Defendant FedEx Corporation ("FedEx Corp.") requests dismissal of Plaintiff Badran Hammad's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state claims on which relief can be granted.

**II.    Basis for Relief Requested**

**A.    Plaintiff's claims are preempted by federal law.**

Complaining solely about undelivered packages that he shipped interstate, Plaintiff has brought only state law claims that are preempted by federal law. The Carmack Amendment is the sole basis for Plaintiff to sue for non-delivery of the packages, but he has not brought a claim under the Carmack Amendment despite FedEx Ground Package System, Inc. ("FedEx Ground") explaining the preemption issue.

**B.    Plaintiff has sued the wrong FedEx company.**

Plaintiff also has sued the wrong FedEx company. FedEx Corporation does not provide shipping services and was not responsible for the packages he tendered for

delivery. Plaintiff has not corrected this error despite counsel for FedEx Ground explaining the corporate structure.

## III.   Legal Memorandum

As it must on a motion to dismiss, Defendant accepts Plaintiff's allegations as true but only for purposes of this motion to dismiss.

On July 30, 2021, Plaintiff tendered 12 packages for delivery from Las Vegas, Nevada, to Tampa, Florida. *Complaint* at ¶5. Plaintiff alleges the packages are worth $19,200 and that Defendant failed to deliver the packages, has refused to release the packages to him, and has further refused to refund the shipping charges. *Complaint* at ¶¶6-9. Plaintiff alleges breach of contract, breach of the implied duty of good faith and fair dealing, and conversion. *Complaint* at Counts I, II and III.

Although Plaintiff alleges that he "engaged Defendant," which he identifies as FedEx Corp. (Complaint at ¶¶ 3 and 5), Plaintiff also attaches to his Complaint a receipt that indicates the packages were to be delivered via FedEx Home Delivery. Complaint at ¶ 5 and Exhibit A. FedEx Home Delivery is a service offering of FedEx Ground, not FedEx Corp. *See Declaration of Shahram A. Eslami ("Eslami Decl.")* at ¶ 6. As reflected in FedEx Corp.'s 10-K Annual Report filed July 19, 2021, with the United States Securities and Exchange Commission ("SEC"), FedEx Corp. is a holding company that wholly owns FedEx Ground. *Eslami Decl.* at ¶ 3 (attaching hyperlink to the EDGAR webpage for the 10-K; *see* FedEx Corp. 10-K, Part I, Item 1, at p. 3). FedEx Corp. does not provide shipping services. *Eslami Decl.* at ¶ 7.

III.   **Legal Argument**

A.   **Plaintiff has not brought the only claim available to him.**

If Plaintiff wants to sue for non-delivery of his packages that he shipped from Nevada to Florida, he can only do so via the Carmack Amendment, 49 U.S.C. §14706, which is the exclusive cause of action for a transportation company's failure to deliver packages traveling in interstate commerce. But Plaintiff has brought only state common law claims, all of which are preempted.

The Carmack Amendment "creates a uniform rule for carrier liability when goods are shipped in interstate commerce . . . To accomplish the goal of uniformity, the Carmack Amendment preempts state law claims arising from failures in the transportation and delivery of goods."  *Smith v. UPS*, 296 F.3d 1244, 1246 (11th Cir. 2002) (citations omitted). In *Smith*, the Eleventh Circuit extensively canvassed cases supporting Carmack preemption of all sorts of state law claims going as far back as a Supreme Court case from 1913, *Adams Express Co. v. Croninger*, 226 U.S. 491, 505-06 (1913). In *Adams Express*, the Supreme Court explained that under the Carmack Amendment "almost every detail of the subject is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it." *Adams Express*, 226 U.S. at 505-06.

Just last year, this Court applied this precedent and dismissed a contribution crossclaim arising from the interstate shipment of goods, including the above quotes from *Smith* and *Adams Express* and recognizing that "[t]he Carmack Amendment 'preempts virtually any state law claim.'" *Razipour v. Joule Yacht Transp., Inc.*, 2020 U.S.

Dist. LEXIS 151023 at *6, quoting *United Van Lines, Inc. v. Shooster,* 860 F. Supp. 826, 828 (S.D. Fla. 1992). *See also Baker v. Allied Van Lines*, 2007 U.S. Dist. LEXIS 8644 at *4-5 (M.D. Fla. Feb. 7, 2007) (breach of contract and negligence claims are preempted); *Scotlynn USA Div., Inc. v. Z Top Logistics, Inc.*, 2017 U.S. Dist. LEXIS 90494 at *7 (M.D. Fla. Jun. 13, 2017) (breach of contract claim preempted); *Scotlynn United States Div. v. Cold Ground Transp. LLC*, 2016 U.S. Dist. LEXIS 142455 at *9-11 (M.D. Fla. Oct. 14, 2016) (breach of contract and corporate veil piercing claims preempted); *Lloyd v. All My Sons Moving & Storage*, 2016 U.S. Dist. LEXIS 92962 at *6-7 (M.D. Fla. Jul. 18, 2016) (breach of contract and intentional infliction of emotional distress claims preempted).

Other courts across the country and over many decades have likewise uniformly found all state law claims arising from a delivery-related complaint preempted. *See, e.g., Southeastern Express Co. v. Pastime Amusement Co.,* 299 U.S. 28 (1936) (negligence claim for failure to deliver  is preempted); *New York, Philadelphia & Norfolk R.R. Co. v. Peninsula Produce Exch. of Md.*, 240 U.S. 34, 38 (1916) (Carmack Amendment preemption is "comprehensive enough to embrace all damages resulting from any failure to discharge a carrier's duty with respect to any part of the transportation to the agreed destination"); *Hall, v. N. Am. Van Lines, Inc.,* 476 F.3d 683, 689-90 (9th Cir. 2007) (fraud and conversion claims arising from failure to deliver preempted); *Gendler v. All Pro Van Lines, Inc.*, 464 F.Supp.2d 925, 929 (D. Ariz. 2005) (where "[a]ll of Plaintiff's claims stem from and arise out of Defendant's refusal to deliver Plaintiffs' property after transporting the property through interstate commerce," they are preempted); *Smallwood v. Allied Van Lines, Inc.*, 660 F.3d 1115,

1120 (9th Cir. 2011) ("'It is well settled that the Carmack Amendment is the exclusive cause of action for interstate-shipping contract claims alleging loss or damage to property' and thus completely preempts such claims. . . . This breach plainly arises from an interstate shipping contract, making Carmack the exclusive cause of action.") (*quoting Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 688 (9th Cir. 2007)); *Moffit v. Bekins Van Lines Co.*, 6 F.3d 305 (5th Cir. 1993) (upholding Carmack Amendment preemption of various state law claims, including fraud, intentional infliction of emotional distress, and negligence, when a moving company failed to deliver household goods to a new home in time for Christmas); *Shao v. Link Cargo (Taiwan) Ltd.*, 986 F.2d 700, 706 (4th Cir. 1993) (concluding that because "the Carmack Amendment was intended by Congress to create a national uniform policy regarding the liability of carriers under a bill of lading for goods lost or damaged in shipment . . . . allowing a shipper to bring common law breach of contract or negligence claims against a carrier for such loss or damage conflicts with this policy"); *Underwriters at Lloyds of London v. North Am. Van. Lines*, 890 F.2d 1112, 1121 (10th Cir. 1989) (holding that the Carmack Amendment preempted state and common law remedies against common carriers); *Hughes v. United Van Lines, Inc.*, 829 F.2d 1407, 1412 n.5, 1415 (7th Cir. 1987) (holding that the Carmack Amendment preempted a plaintiff's claims for negligence, breach of contract, conversion, intentional misrepresentation, negligent misrepresentation, and negligent infliction of emotional distress, where his goods were destroyed by a fire while in transit); *Bear MGC Cutlery Co. v. Estes Express Lines, Inc.*, 132 F. Supp. 2d 937,

947-48 (N.D. Ala. 2001) (finding Carmack Amendment preemption of alleged claims for negligence, wantonness, and outrage for failing to properly deliver goods).

Only "claims based on conduct separate and distinct from the delivery, loss of, or damage to goods escape preemption" *Smith*, 296 F.3d at 1249. Allegations "focusing solely on Defendant's failure to deliver . . . fall[] squarely within 'the preemptive scope of the Carmack Amendment.'" *Lloyd*, 2016 U.S. Dist. LEXIS at *6 (quoting *Smith*, 296 F.3d at 1249. Plaintiff has pleaded only state law claims, not a Carmack Amendment claim, and all of the facts he alleges relate solely to alleged damages from non-delivery of the packages that he shipped in interstate commerce. He has alleged no facts identifying any basis to recover separate from FedEx Corporation's alleged failure to deliver the 12 packages.

**B.     FedEx Corporation is the wrong defendant.**

Plaintiff's complaint also should be dismissed because he has sued the wrong company. Under Rule 12(b)(6), a complaint must be dismissed when it either lacks a cognizable legal theory or facts sufficient to support a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). The complaint must do more than state conclusions. It must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Determining whether a complaint states a plausible claim for relief will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Plaintiff has attached a receipt as Exhibit A that indicates the packages were to be delivered via FedEx Home Delivery. Complaint at ¶ 5 and Exhibit A. FedEx Home Delivery is a service offering of FedEx Ground Package System, Inc. ("FedEx Ground"), not FedEx Corp. *See Declaration of Shahram A. Eslami ("Eslami Decl.")* at ¶ 6, attached to this Motion as Exhibit A. FedEx Corp. is a publicly traded holding company with several distinct subsidiaries. It was incorporated in the state of Delaware on October 2, 1997. *Eslami Decl.* at ¶¶ 4-5. FedEx Ground is a separate and distinct legal entity from FedEx Corp. and was incorporated in the state of Delaware on January 27, 1984. *Eslami Decl.* at ¶ 6. FedEx Corp. does not exercise day-to-day control over the business operations of FedEx Ground. *Eslami Decl.* at ¶ 5.

FedEx Corp. does not itself offer shipping services. *Eslami Decl.* at ¶ 7. As stated in FedEx Corp.'s most recent 10-K Annual Report filed with the United States Securities and Exchange Commission: "FedEx [Corp.] was incorporated . . . to serve as the parent holding company and provide strategic direction to a portfolio of companies. FedEx [Corp.] provides a broad portfolio of transportation, e-commerce and business services through operating companies competing collectively, operating collaboratively, and innovating digitally, under the respected FedEx brand." *See Eslami Decl.* at ¶ 3, attaching a hyperlink to the July 19, 2021, 10-K Annual Report on the SEC's EDGAR

webpage.[1] These operating companies include FedEx Ground, "a leading North American provider of small-package ground delivery services. FedEx Ground provides low-cost, day-certain service to any business address in the U.S. and Canada, as well as residential delivery to 100% of U.S. residences." *Id. See also FedEx Ground Package Sys., Inc. v. Ingenito*, 86 F. Supp. 3d 1121, 1123 (E.D. Cal. 2015) ("FedEx [Ground] is a federally registered motor carrier that operates under U.S. Department of Transportation No. 265752."). Under the circumstances, Plaintiff's claims against FedEx Corp. fail the *Twombly* test of facial plausibility.

Defendant respectfully requests that the Court enter an order dismissing Plaintiff's Complaint because all three claims are preempted state common law claims and because Plaintiff has sued the wrong company.

Respectfully submitted,

*s/ Gabriel A. Costa*
Gabriel A. Costa (FL Bar #67361)
CALLAHAN & FUSCO, LLC
200 SW 1st Ave, Ste. 840
Fort Lauderdale, FL 33301-2072
Tel: (877) 618-9770
Fax: (954) 252-2308
Email: *gcosta@callahanfusco.com*

**Attorneys for Defendant,**
**FedEx Corporation**

Dated: October 6, 2021

---

[1] Two copies of Mr. Eslami's Declaration are provided because the one with his signature was scanned in a way that deactivated the hyperlink. The second version is substantively the same but has an active hyperlink.

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 6th day of October 2021, the above and foregoing

document was filed via the Court's CM/ECF filing system.


*s/ Gabriel A. Costa*
Gabriel A. Costa (FL Bar #67361)